```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
                                :
JOHN LI,                        :
                                :
              Plaintiff,        :
                                :
         v.                     :      06 Civ. 13679 (LAP)
                                :
MICHAEL CHERTOFF, et al.,       :      OPINION AND ORDER
                                :
              Defendants.       :
                                :
-------------------------------x
```

LORETTA A. PRESKA, U.S.D.J.

Plaintiff, claiming to be a naturalized United States citizen, "challenges the delay of the [United States Citizenship and Immigration Service] and its service center and/or district office as well as [the] United States Department of State and its center, embassy and/or [the] Consul General in processing the Plaintiff's petitions for classification of his immediate relatives, who otherwise are entitled to immigrate to the United States, had the petitions been adjudicated and approved timely." (Compl. ¶ 1).[1]  Plaintiff seeks an order from the Court compelling the Defendants (collectively, the "Government") to "act upon" (i) the petition he filed seeking to have his claimed

---

[1] "Compl." refers to the Complaint (Relief in the Nature of Mandamus) filed on Nov. 29, 2006.  Plaintiff also moved for an Order to Show Cause why the relief being sought should not be granted.  The Court heard argument on Dec. 12, 2006.

1

wife (a Chinese citizen) and her two claimed children by a prior marriage (also Chinese citizens) classified as the immediate relatives of a United States citizen for immigrant visa purposes, and (ii) the immigrant visa applications filed by his wife and step children.  (Id. at Part VII(3)).

The Court lacks subject matter jurisdiction to compel the Government to adjudicate the pending visa applications in this case.  The Court of Appeals has held that "[i]t is settled that the judiciary will not interfere with the visa-issuing process."  Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1181 (2d Cir. 1978).  The Court of Appeals has also held that the doctrine of consular nonreviewablity precludes judicial review of a consular official's decision to issue or withhold a visa.  See United States ex rel. London v. Pehlps, 22 F.2d 288, 290 (2d Cir. 1927) ("Whether the consul has acted reasonably or unreasonably is not for us to determine.  Unjustifiable refusal to vise a passport . . . is beyond the jurisdiction of the court.").

Plaintiff seeks to circumvent this long-standing precedent by contending that the doctrine does not apply to a request that a visa be adjudicated (as opposed to granted) within a reasonable period of time.  (See Letter from Joe Zhenghong Zhou, counsel for Plaintiff, to the

Court, dated December 15, 2006 ("Pl. Ltr."), at 2). Plaintiff cites no decision from the Court of Appeals in support of this proposition. (Id.) Moreover, at least one court in the Southern District has dismissed a similar case where a pro se plaintiff sought to compel the adjudication of long-delayed visa petitions and visa applications for his spouse and two step children living in China.[2] See Zhang v. U.S. CIS, No. 05 Civ. 4086, 2005 WL 3046440, at *5-7 (S.D.N.Y. Nov. 8, 2005). Thus, the Court lacks subject matter jurisdiction over the visa decisions at issue here.

Even if the Court had subject matter jurisdiction, Plaintiff fails to state a cognizable claim. Plaintiff contends that his Fifth Amendment "liberty and property interests [have] been and are being violated by the government agencies' almost [five-]year delay without a

---

[2] For purposes of this ruling, the Court does not need to decide the issue of whether, in fact, Plaintiff seeks an order compelling the adjudication of the visa applications at issue versus an order compelling the Government to approve those applications. However, the Court notes that this distinction is one of form, not substance. No person submits a visa application and then files a lawsuit seeking to compel a decision on that application, without seeking a favorable outcome. And the Court does not have subject matter jurisdiction over a claim seeking such affirmative relief. See, e.g., Karan v. McElroy, No. 02 Civ. 6678, 2003 WL 21209769, at *1 (S.D.N.Y. May 23, 2003) (dismissing a case where the plaintiff sought an order compelling the Government to act on his pending immigration status and adjust it to that of a permanent resident).

3

decision on his spouse's visa application." (Pl. Ltr. at 6). Specifically, Plaintiff asserts that he has "sustained monetary damages [because] he had to pay unnecessary expenses to travel back to visit his spouse and step children in China" and that he has "suffered injury mentally, physically, and psychologically because [he] has been separated from his wife, [he has] been missing his wife all the time[], [and he has] been unable to have a normal husband-wife life without extra costs and expenses on travel." (Id.).

Plaintiff cites no authority in support of his constitutional argument. To the contrary, Plaintiff concedes that his "alien relatives do not have a constitutionally-protected interest in immigration status" or a "constitutional or statutory right to enter the United States." (Id.). Moreover, the Court of Appeals has gone so far as to hold that "no constitutional right of a citizen spouse is violated by [the] deportation of his or her alien spouse." Burrafato v. U.S. Dep't of State, 523 F.2d 554, 555 (2d Cir. 1975). Thus, it cannot be that the

4

mere failure to "act upon" the visa applications at issue violates any of Plaintiff's constitutional rights.[3]

Accordingly, Plaintiff's Order to Show Cause is rejected, and his Complaint is dismissed. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:

DATED:   February 14, 2007
         New York, New York

*[signature]*
LORETTA A. PRESKA, U.S.D.J.

---

[3] The parties dispute the standard of review applicable here. For the reasons stated herein, Plaintiff fails to state a cause of action under any standard.

5